JOHN R. BAXTER, ET AL, *Appellants,* V. GLEN
JONES, ET AL, *Respondents.*

*W. Russell Van Camp* and *Van Camp & Kelleher,* for
appellants.

*Thomas Curran, Garry H. Gibson,* and *Hennessey & Curran,* for respondents.

GREEN, J.—This is an appeal from an unlawful detainer action brought by the landlords, John and Edie Baxter, in which judgment was granted for the tenants, Glen and Susan Jones. The dispositive issue is whether the court erred in terminating the trial before the cross examination of Mr. Jones had been completed and, without further proceedings, rendering its decision. We hold it did and reverse.

The Joneses moved out of the Baxters' home before this unlawful detainer action was tried. Trial proceeded on the issue of damages. Each party basically claimed an oral agreement existed at the outset of the tenancy in which the other party agreed to make certain repairs or improvements. Each party contended the work was not performed in a timely manner. The Baxters maintained because of the Joneses' breach, they incurred expenses for which the Joneses are liable. On the other hand, the Joneses maintained the home was partially uninhabitable entitling them to a rent reduction. The dispute was tried to the court. Mr. and Mrs. Baxter both testified. About 3 p.m., during the cross examination of Mrs. Baxter, the following colloquy occurred:

THE COURT: You know, Counsel, do you plan on finishing this case today?

[JONESES' COUNSEL]: Well, I would hope so.

THE COURT: Well, we start at 1:30 and quit at 4. We're going to be taking a recess pretty soon. I wonder if we could hear from your client. We've only got about an hour left.

At that point, the Joneses' counsel terminated cross examination and the Baxters rested their case. Mr. Jones then testified. The Baxters' counsel had just begun cross examination when the court stated:

Counsel, we're just about out of time. I've heard from both Plaintiffs. I'm ready to make a ruling.

[BAXTERS' COUNSEL]: Well, Your Honor, I do not feel that I have had ample opportunity to cross–examine this

witness.

THE COURT: I'm going to give you a ruling. I feel—

[BAXTERS' COUNSEL]: Without any final argument?

THE COURT: Yes, without final argument.

Over the Baxters' objection, the court rendered judgment, finding the home partially uninhabitable and granting the Joneses a 10 percent reduction in rent over the entire rental period, statutory attorney's fees and costs. The judgment was for $221.

The Baxters contend the court erred by prematurely terminating the trial and denying them the opportunity to fully cross–examine Mr. Jones. It is argued the court's action violated their right to due process under the fourteenth amendment to the United States Constitution and the Washington State Constitution, article 1, section 3. On the other hand, the Joneses basically claim the court was entitled to terminate cross examination because it was cumulative, *i.e.,* it was directed toward the parties' oral lease agreement, which had already been established. It is further argued the examination was not relevant to the only remaining issue of whether the Baxters breached the implied warranty of habitability.

■ Due process guarantees the right to a full and fair hearing. *Olympic Forest Prods., Inc. v. Chaussee Corp.,* 82 Wn.2d 418, 422, 511 P.2d 1002 (1973). Although the process which is due varies according to the type of proceeding, cross examination is an integral part of both criminal and civil judicial proceedings. *Hannah v. Larche,* 363 U.S. 420, 4 L. Ed. 2d 1307, 80 S. Ct. 1502 (1960); 5 K. Tegland, Wash. Prac., *Evidence* § 245 (2d ed. 1982). Cross examination is, however, limited by other factors; it must pertain to matters within the scope of the direct examination and matters affecting the credibility of the witness. ER 611(b). It may be curtailed where the relevance of the evidence is outweighed by the danger of undue delay, waste of time or needless presentation of cumulative evidence. ER 403. Further, the court has discretion to exercise reasonable control over the mode and order of interrogating witnesses to avoid

needless consumption of time. ER 611(a)(2). However, preclusion of all cross examination on a legitimate issue calls into question the factfinding process and requires that the competing factors be more closely examined. *State v. York,* 28 Wn. App. 33, 621 P.2d 784 (1980). After reviewing the record, we are compelled to conclude the court's premature termination of cross examination based on a predetermined time to complete trial was error.

Mr. Jones testified on direct examination that the parties agreed certain defects which were discovered both before and during the tenancy would be, but were not, repaired. The cross examination of Mr. Jones occupies only 2½ pages of the report of proceedings before the trial was terminated by the court at 4 p.m. Counsel for the Baxters had completed preliminary questions and was beginning to pursue the scope of the parties' oral agreement, including the date on which Mr. Jones notified the Baxters of the defects and whether these defects affected the Joneses' ability to live in the home. The examination was, therefore, germane to the issues presented. Further, the Baxters point out that RCW 59.18.110(1)(b) allows a tenant to recover rent paid in excess of the diminished rental value of the premises due to its defective condition *after notifying* the landlord of the defects.[1] The premature termination of cross examination and oral argument prevented them from fully pursuing this theory of the case.[2]

---

[1] RCW 59.18.110(1)(b) provides in relevant part:

"(1) If a court or an arbitrator determines that:

". . .

"(b) A reasonable time has passed for the landlord to remedy the defective condition following notice to the landlord in accordance with RCW 59.18.070 or such other time as may be allotted by the court or arbitrator; the court or arbitrator may determine the diminution in rental value of the premises due to the defective condition and shall render judgment against the landlord for the rent paid in excess of such diminished rental value from the time of notice of such defect to the time of decision and any costs of repair done pursuant to RCW 59.18.100 for which no deduction has been previously made."

[2] The Baxters also assign error to the court's assessment of damages based upon RCW 59.18.110(1)(b). Since this theory was not raised below, we will not

The cross examination here was neither collateral nor cumulative, but was relevant to the court's ultimate determination. Trial was terminated only by the passage of a predetermined time—4 p.m. Therefore, although we recognize the court is given considerable latitude in limiting the scope of cross examination, fundamental fairness requires that this case be reversed and remanded for a new trial.

The Joneses' request for attorney's fees at this stage of the proceedings is denied.

Reversed.[3]

ROE, C.J., and MUNSON, J., concur.

[No. 4805-5-III. Division Three. February 10, 1983.]

consider it here except to note the Baxters should be given an opportunity to develop this issue on retrial.

[3]Our disposition makes it unnecessary to decide if total deprivation of closing argument is permitted.