IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WILLIAM L. and KATHLEEN SCHORER, husband and wife; BARTON E. and CORIENE K. SCHORER, husband and wife; and WILLIAM SPURGEON, a single man, BONNIE DUNHAM; JAMIE and TINA MUNSON, husband and wife; CURT WILLIAMS, a single man, RICHARD J. and DIANA L. MAXWELL, husband and wife; and TOM J. and TAMI S. LaFORTUNE, husband and wife, | ) ) ) ) ) ) ) ) ) ) ) | No. 30558-9-III |
| Respondents, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| BENTON COUNTY, a political subdivision of the state of Washington; WALTER BEAR and JANE DOE BEAR, husband and wife, SCOTT and SHEILA A. LOSEY, husband and wife, | ) ) ) ) ) ) ) | |
| Appellants. | ) | |

BROWN, J. — Walter and Cynthia Bear applied for a special use permit from

Benton County to use their property as a home base for their trucking and excavating

business. The county approved their request. Local homeowners, William L. and

Kathleen Schorer, Barton and Coriene Schorer, William Spurgeon, Bonnie Dunham,

Jamie and Tina Munson, Curt and Norma Williams, Diana Maxwell, and Tom and Tami

LaFortune, successfully requested declaratory relief. The Bears appeal, contending the homeowner's restrictions and protective covenants (RPCs) do not apply to their property. We agree, and reverse.

## FACTS

In December 2007, the Bears purchased a 3.5 acre lot in Benton County. The deed identified the property as being a part of Short Plat 2907. Short Plat 2907 is part of Short Plat 655. The Bears purchased the property to use as a base for their trucking and excavating business. They applied for a special use permit from Benton County. At a December 2008 public hearing, several neighbors attended and opposed the application. But the county granted the Bears' special use permit. In response, the neighbors filed a RCW 36.70C, Land Use Petition Act (LUPA) petition and requested injunctive and declaratory relief, arguing the special use permit should not have been granted by the county.

The parties agreed to stay the LUPA petition and injunctive relief request pending a decision on the declaratory relief request. The neighbors requested declaratory relief, arguing the 1994 RPCs bar the Bears from having a belly dump and diesel truck on their property. The RPCs specifically state that they apply to:

> That portion of the North half of the Southwest quarter of
> Section 28, Township 8 North, Range 30 East, W.M.
> Benton County, Washington, lying Westerly of a line
> extending from a point on the North line of said
> subdivision, which point is 835 feet East of the Northwest
> corner of the Northeast quarter of the Southwest quarter of
> said Section, to a point on the South Line of said
> subdivision which point is 400 feet East of the Southwest

2

corner of the Northeast quarter of the Southwest quarter of said Section.

Clerk's Papers (CP) at 160. The parties stipulated this description "describes lots 13, 16, 17 [and] 18." CP at 32. The Bears own lot 11 which is part of Short Plat 2907. It is undisputed they have no interest in lots 13, 16, 17 or 18.

Following the property description in the RPCs, a series of clarifying exceptions delineate the properties to which the covenants do not apply. The final exception paragraph states, "AND EXCEPT County Roads and recorded Easements. This legal description is for Short Plat 653 Lots 1 through 4, Short Plat 654 Lots 1 through 4, Short Plat 655 Lots 1 through 4, and Short Plat 656 Lots 1 through 4." CP at 160. The Bear property is in Short Plat 2907, a part of Short Plat 655.

The RPCs limit the use of property, "for open storage for construction of[1] rental equipment. No inoperable farm machinery, including tractors and trucks may be held on the property. No used machinery or scrap equipment, implements, automobiles or conspicuous parts of such equipment, which serve no purpose in operation of the estate, may be held or accumulated on the property." CP at 161.

Following a bench trial, the trial court found the legal description to be adequate to bind the Bear property. The court further found Bears' parking of the diesel truck and belly dump trailer on their property violates the covenants. The court, therefore, granted

---

[1] Evidence was offered below that the use of the word, "of" was a scrivener's error and it should have read, "or." But this evidence was stricken by the court and the Bears do not appeal that ruling. *See* Br. of Appellant at 5.

the neighbors' request for declaratory relief. The LUPA petition was later dismissed.

The Bears appealed.

## ANALYSIS

### A. RPC Applicability

The issue is whether the RPCs apply to the Bears' property. The Bears contend

their property is not listed in the RPCs, and even if it was, the RPCs do not preclude

placement of the truck and trailer on their property.

When no factual disputes exist and an appellant seeks reversal of the trial court's

legal conclusions, we review the trial court's decision on declaratory relief de novo.

*Casey v. Chapman*, 123 Wn. App. 670, 678, 98 P.3d 1246 (2004). We review a trial

court's interpretation of restrictive covenants de novo. *Rainer View Ct. Homeowners*

*Ass'n, Inc. v. Zenker*, 157 Wn. App. 710, 719, 238 P.3d 1217 (2010), *review denied,*

170 Wn.2d 1030 (2011).

Our primary task is to determine the covenant drafters' intent. *Wimberly v.*

*Caravello*, 136 Wn. App. 327, 336, 149 P.3d 402 (2006). Basic rules of contract

interpretation apply to the court's review of restrictive covenants. *Id.* Under such rules,

reviewing courts must generally give words in a covenant their ordinary, usual, and

popular meaning unless the entirety of the agreement clearly demonstrates a contrary

intent. *Hearst Commc'ns, Inc. v. Seattle Times*, 154 Wn.2d 493, 504, 115 P.3d 262

(2005). In order to be ambiguous, a covenant must be uncertain or two or more

reasonable and fair interpretations must be possible. *White v. Wilhelm*, 34 Wn. App.

763, 771, 665 P.2d 407 (1983). But ambiguity is not a prerequisite for a court to examine the context surrounding the execution of a contract. *Berg v. Hudesman*, 115 Wn.2d 657, 669, 801 P.2d 222 (1990).

The parties stipulated that the legal description to which the RPCs apply are limited to lots 13, 16, 17 and 18. It is undisputed the Bears have no interest in lots 13, 16, 17 or 18. Following the property description in the RPCs, there are a series of clarifying exceptions setting forth descriptions of property to which the covenants do not apply. The final exception paragraph states, "AND EXCEPT County Roads and recorded Easements. This legal description is for Short Plat 653 . . . Short Plat 654 . . . Short Plat 655 . . . and Short Plat 656." CP at 160. The Bear property is in Short Plat 2907, which is part of Short Plat 655.

Based on the RPC clear language, the Bears' property is not listed in the description of property to which the RPCs apply; rather, it is indirectly referenced in an exceptions paragraph. While the neighbors argue this is enough to modify the legal description, the statute of frauds prevents such modification. *See Knight v. American National Bank*, 52 Wn. App. 1, 4, 756 P.2d 757 (1988) (the statute of frauds requires that agreements pertaining to property be reduced to a written instrument that embodies "all essential and material parts of the contemplated [agreement] with sufficient clarity.") "An agreement containing an inadequate legal description . . . is void and is not subject to reformation." *Berg v. Ting,* 125 Wn.2d 544, 554, 886 P.2d 564 (1995). Accordingly, the Bears are not subject to the RPCs because their property is not listed in the legal

5

description to which the RPCs apply. The trial court erred in concluding otherwise when it granted declaratory relief.

Even assuming the RPCs apply to the Bears, the portion of the RPCs that is the subject of this appeal states that the RPCs limit the use of property, "for open storage for construction of rental equipment. No inoperable farm machinery, including tractors and trucks may be held on the property. No used machinery or scrap equipment, implements, automobiles or conspicuous parts of such equipment, which serve no purpose in operation of the estate, may be held or accumulated on the property." CP at 161. Thus, solely inoperable tractors or trucks are excluded. The Bears' truck and tractor were operable and part of their business. Thus, their placement on the Bears' property is not restricted under the RPCs.

Reversed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be field for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Kulik, J.

Siddoway, A.C.J.

6